**FILED**
07/08/2025
Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 17, 2025 at Knoxville

## STATE OF TENNESSEE v. BRANDI MICHELLI ADAMS

**Appeal from the Criminal Court for Fentress County**
**No. 14150      Zachary R. Walden, Judge**

_____

**No. M2024-00723-CCA-R3-CD**

_____

The Defendant, Brandi Michelle Adams,[1] pled guilty to the offense of second degree murder as a Range II, multiple offender and received a sentence of forty years. She later filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that she was a Range I, standard offender and did not agree to be sentenced in an enhanced range. Following a hearing, the trial court denied the motion, and the Defendant appealed, asserting three issues: (1) that she could not legally be sentenced as a Range II, multiple offender; (2) that her plea was involuntary; and (3) that the trial court exhibited bias in denying her Rule 36.1 motion. Upon our review, we respectfully affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Affirmed

TOM GREENHOLTZ, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Brandi Michelle Adams, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Jared R. Effler, District Attorney General; and Danielle Montooth and Philip A. Kazee, Assistant District Attorneys General, for the appellee, State of Tennessee.

---

[1]      The original indictment and judgment spell the Defendant's name as "Brandi Michelli Adams." This spelling appears to be a typographical error, as the record reflects that both the trial court and the Defendant have consistently used the spelling "Brandi Michelle Adams." We retain the spelling from the indictment for use in the case caption, consistent with our usual practice. Otherwise, we use the Defendant's preferred spelling in the opinion itself.

# OPINION

# FACTUAL BACKGROUND

On December 2, 2014, a Fentress County grand jury indicted the Defendant for first degree felony murder. She later pled guilty to a reduced charge of second degree murder as a Range II, multiple offender. Pursuant to the terms of the plea agreement, the Defendant accepted a forty-year sentence in the Department of Correction with no release eligibility.

In October 2023, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. More specifically, she alleged that her sentence was illegal because she was properly classified as a Range I, standard offender and did not waive her range classification for sentencing purposes.

The trial court summarily denied this motion through entry of a written order in December 2023. The court concluded that the Defendant's sentence was within the statutory range for a Class A felony offense and that the claim was contradicted by her signed plea agreement and the transcript from her plea hearing. The Defendant did not seek an appeal from this denial.

In April 2024, the Defendant filed a renewed Rule 36.1 motion, raising the same issues previously asserted.[2] The trial court conducted a hearing, during which it reviewed the original plea agreement with the Defendant, including the provisions related to Range II sentencing, and discussed her concerns. Following the hearing, the court denied the motion for the same reasons set forth in its earlier order and subsequently entered a written ruling memorializing its decision on August 23, 2024.

---

[2] We have consistently recognized that Rule 36.1 "may not be used to relitigate those issues that have been previously determined," including claims resolved in an earlier Rule 36.1 proceeding. *See State v. McDougle*, No. W2022-01103-CCA-R3-CD, 2023 WL 2968224, at *3 (Tenn. Crim. App. Apr. 17, 2023), *perm. app. denied* (Tenn. June 28, 2023). In this case, the Defendant explains that she renewed her request because she did not receive a copy of the trial court's prior order denying her initial motion. Perhaps for that reason, the trial court did not summarily dismiss the renewed motion—as it was authorized to do—but instead held a hearing. At that hearing, the court addressed the matter in person with the Defendant and, in its order denying relief, considered information from both the hearing and the earlier petition. Under these circumstances, we elect to consider the merits of the Defendant's claim.

Before the hearing, the Defendant filed a premature notice of appeal.  This notice of appeal became effective upon entry of the trial court's order.  *See* Tenn. R. App. P. 4(d).

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022).  The principal issue in this case is whether the trial court properly found that the Defendant failed to state a colorable claim for relief pursuant to Tennessee Rule of Criminal Procedure 36.1.  This question is one of law that we review de novo on appeal.  *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015); *State v. Pettie*, No. M2024-00558-CCA-R3-CD, 2024 WL 5075376, at *2 (Tenn. Crim. App. Dec. 11, 2024), *no perm. app. filed*.

## ANALYSIS

The Defendant raises three arguments in this appeal.  First, she contends that her forty-year sentence is illegal because she was a Range I, standard offender and did not agree to be sentenced as a Range II, multiple offender.  Next, she asserts that her guilty plea was not knowing or voluntary because she did not understand that she was waiving her offender classification.  Finally, she claims that the trial court exhibited bias in denying her Rule 36.1 motion.

In response, the State maintains that the sentence is lawful because it falls within the statutory range for a Class A felony.  It further argues that any challenge to the voluntariness of the plea is not cognizable under Rule 36.1 and is, in any event, contradicted by the record.  Finally, the State contends that the Defendant's allegation of judicial bias is waived for failure to provide supporting argument or citations to the appellate record.  We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides that a defendant "may seek to correct an illegal sentence by filing a motion . . . in the trial court in which the judgment of conviction was entered."  Tenn. R. Crim. P. 36.1(a)(1).  An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).  If the trial court "determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion."  Tenn. R. Crim. P. 36.1(b)(2).  A "colorable claim" means "a claim that, if taken as true and viewed

3

in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 585, 593.

Our supreme court has also observed that "few sentencing errors render sentences illegal." *See id.* at 595. Sentencing errors may be clerical, appealable, or fatal, but "only fatal errors render sentences illegal." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (citation and internal quotation marks omitted). These fatal errors may include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Wooden*, 478 S.W.3d at 595.

## A.    LEGALITY OF SENTENCE AND VALIDITY OF PLEA

In this case, the Defendant first argues that her forty-year sentence is illegal because she was sentenced in an improper offender classification. More specifically, she asserts that she was a Range I, standard offender, which for a Class A felony offense, should have resulted in a sentencing range between fifteen and twenty-five years. *See* Tenn. Code Ann. § 40-35-112(a)(1) (2019). She further argues that she did not agree to be sentenced as a Range II, multiple offender and that, as such, her forty-year sentence is illegal. *See id.* We respectfully disagree.

This court has consistently held that errors in determining a defendant's offender classification do not render a sentence illegal and, therefore, do not provide a basis for relief pursuant to Rule 36.1. *See, e.g., State v. Morris*, No. M2017-01229-CCA-R3-CD, 2017 WL 6375952, at *2 (Tenn. Crim. App. Dec. 13, 2017), *no perm. app. filed*; *State v. Wiggins*, No. W2024-00035-CCA-R3-CD, 2024 WL 3549205, at *2 (Tenn. Crim. App. July 26, 2024) ("The range classification issue raised by the Defendant is an appealable error that is not cognizable in a Rule 36.1 motion."), *no perm. app. filed*; *State v. Bledsoe*, No. W2023-00730-CCA-R3-CD, 2024 WL 322117, at *2 (Tenn. Crim. App. Jan. 29, 2024) (rejecting challenge to Range III classification as a non-cognizable claim under Rule 36.1), *perm. app. denied* (Tenn. June 21, 2024). Indeed, in a habeas corpus context, the Tennessee Supreme Court has similarly explained that an erroneous offender classification does not exceed the trial court's jurisdiction and, accordingly, a sentence imposed within the incorrect offender range is "neither illegal nor void." *Cantrell v. Easterling*, 346 S.W.3d 445, 454-55 (Tenn. 2011), *superseded by rule on other grounds*, Tenn. R. Crim. P. 36.1.

The Defendant's claim that her forty-year sentence is illegal is without merit. When determining whether a sentence is illegal under Rule 36.1, the relevant inquiry is whether the sentence falls within the overall statutory punishment range for the offense class, not whether it aligns with the defendant's applicable offender classification. *See State v. Cunningham*, No. W2018-02075-CCA-R3-CD, 2019 WL 1895863, at *2 (Tenn. Crim. App. Apr. 29, 2019), *no perm. app. filed*. Second degree murder is a Class A felony offense, and the statutory sentencing range for a Class A felony is fifteen to sixty years. *See* Tenn. Code Ann. §§ 39-13-210(c)(1) (2018); 40-35-111(b)(1) (2019). Because the Defendant's forty-year sentence falls within this statutory range, it is not illegal. *See, e.g.*, *State v. Robinson*, No. W2015-02482-CCA-R3-CD, 2016 WL 7654949, at *3 (Tenn. Crim. App. Aug. 26, 2016) (holding that a challenge to Range II classification for a Class A felony did not state a cognizable claim under Rule 36.1), *no perm. app. filed*. Accordingly, the Defendant is not entitled to Rule 36.1 relief on this ground.

### B. VALIDITY OF PLEA AGREEMENT

The Defendant also contends that her out-of-range sentence is illegal because her plea was invalid. More specifically, she argues that she did not knowingly or voluntarily agree to be sentenced as a Range II, multiple offender and that the resulting sentence was, therefore, unlawfully imposed.

This claim does not present a cognizable basis for relief. Rule 36.1 does not authorize collateral attacks on the validity of a guilty plea. *See State v. Schelfe*, No. M2018-01604-CCA-R3-CD, 2019 WL 4071981, at *2 (Tenn. Crim. App. Aug. 29, 2019), *perm. app. denied* (Tenn. Feb. 19, 2020). As such, we have repeatedly held that a challenge to the voluntariness of a guilty plea—even where the defendant alleges an unlawful sentencing range—does not render the sentence illegal within the meaning of Rule 36.1. *See, e.g.*, *State v. Prink*, No. W2020-01271-CCA-R3-CD, 2022 WL 110802, at *4 (Tenn. Crim. App. Jan. 12, 2022), *perm. app. denied* (Tenn. June 9, 2022); *State v. Pope*, No. M2017-01040-CCA-R3-CD, 2018 WL 1224948, at *2 (Tenn. Crim. App. Mar. 8, 2018), *perm. app. denied* (Tenn. June 6, 2018). Indeed, we have specifically rejected the claim that an out-of-range sentence is reviewable under Rule 36.1 when it is imposed pursuant to an allegedly invalid plea. *See State v. Kirkman*, No. M2016-02248-CCA-R3-CD, 2017 WL 2399701, at *3 (Tenn. Crim. App. June 2, 2017), *no perm. app. filed*. Accordingly, we conclude that the Defendant is not entitled to relief on this ground.

### C.    WAIVER OF JUDICIAL BIAS CLAIM

Finally, the Defendant asserts that the trial court exhibited bias against her in denying her Rule 36.1 motion. However, she offers no supporting argument, citation to authority, or reference to the record in connection with this claim.

It is well established that simply listing an issue does not preserve it for appellate review. *See State v. Hamilton*, No. W2023-01127-CCA-R3-CD, 2024 WL 4130757, at *4 (Tenn. Crim. App. Sept. 10, 2024), *perm. app. denied* (Tenn. Feb. 20, 2025). Instead, Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires an appellant to articulate the grounds for relief, including legal authority and appropriate references to the record. Rule 10(b) of the rules of this court further provides that issues unsupported by argument or citation will be treated as waived. *See also State v. Molthan*, No. M2021-01108-CCA-R3-CD, 2022 WL 17245128, at *2 (Tenn. Crim. App. Nov. 28, 2022) (finding waiver where the defendant failed to provide argument or citations), *no perm. app. filed*.

Other than listing this allegation in her statement of the issues, the Defendant does not elaborate on the claim in any way. Reviewing courts are "not tasked with scouring the record for reversible errors." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024). As such, in the absence of any developed argument, we must conclude that the Defendant has waived this issue for appellate review. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). Beyond this, we see no basis otherwise to suspect that the trial court's order was somehow the result of bias against the Defendant. The Defendant is not entitled to relief on this ground.

### CONCLUSION

In summary, we hold that the Defendant's sentence of forty years is not illegal, as it was authorized by law. Accordingly, we respectfully affirm the judgment of the trial court denying the Defendant's motion for relief pursuant to Tennessee Rule of Criminal Procedure 36.1.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE